O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALAMGIR SIDDIQUI, | Case No. CV 14-00035 DDP (MRWx) |
| Plaintiff, | |
| v. | **ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE REMANDED FOR LACK OF SUBJECT MATTER JURISDICTION** |
| RADIOSHACK CORPORATION, a Delaware corporation, | |
| Defendants. | |

   Defendant is ordered to show cause why this action should not be remanded for lack of subject matter jurisdiction.

   District courts have diversity jurisdiction over all civil suits where the amount in controversy "exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States."[1]  28 U.S.C. § 1332(a).  The case must be remanded if, at any time before final judgment, it appears that the district court lacks subject matter jurisdiction.  28 U.S.C. § 1447(c). Plaintiff's complaint does not specify the amount of damages sought.  Therefore, Defendant bears the burden of

---

[1] The operative complaint does not include a cause of action under federal law. (Dkt. No. 15.)

establishing, by a preponderance of the evidence, that the amount in controversy exceeds the jurisdictional minimum. <u>Sanchez v. Monumental Life Ins. Co.</u>, 102 F.3d 398, 404 (9th Cir. 1996).

It is not clear that the amount in controversy here exceeds $75,000, as is required to establish diversity jurisdiction under 28 U.S.C. § 1332. Defendant estimates that Plaintiff is seeking only $48,000 in back wages. (Notice of Removal at 6.) Defendant's speculation that lost wages might increase as this case progresses in this court does not suffice to establish that Plaintiff's damages exceed the jurisdictional minimum of $75,000.

Defendant contends that emotional and punitive damages and attorney's fees will suffice to bridge the gap between Plaintiff's claim for lost wages and the $75,000 jurisdictional minimum. While Defendant gives examples of cases where emotional distress claims resulted in damage awards in excess of $75,000, Defendant has not adequately explained how those claims and fact patterns are similar to this case. In the absence of any justification the court "will not speculate as to the damages potentially embodied in the plaintiffs' vague request for emotional distress." <u>Miller v. Michigan Millers Ins. Co.</u>, 1997 WL 136242, at *5 (N.D.Cal. 1997).

"When the amount in controversy depends largely on alleged punitive damages, the court will scrutinize a claim more closely" to be certain jurisdiction exists. <u>Lange v. State Farm Mut. Auto. Ins. Co.</u>, 2009 WL 322835, at *1 (C.D. Cal. 2009) (internal quotation and citation omitted). A party asserting diversity jurisdiction may refer to other jury verdicts to bolster its claims regarding punitive damages. <u>Faulkner v. Astro-Med Inc.</u>, 1999 WL 820198 at *4 (N.D. Cal. 1999). Those verdicts, however, must

involve facts analogous to the case at hand. Id.  Here, as with its argument regarding emotional distress damages, Defendant cites three cases in which juries awarded millions of dollars in punitive damages.  Again, however, Defendant fails to explain how the facts of those cases, beyond the basic nature of the claims, are analogous to this case.

Lastly, attorney's fees, too, may be included in the amount in controversy if recoverable by statute or contract. Galt G/S v. JSS Scandinavia, 142 F.3d 1150, 1155-56 (9th Cir. 1998).  Defendant, however, has made no attempt to estimate reasonable attorney's fees in this case.  Instead, Defendant states, without any support, that "it is beyond reasonable dispute that it is more likely than not that the attorneys' fees incurred in this case will exceed the $75,000 jurisdictional threshold."  (Notice of Removal at 10).

Defendant's speculative and conclusory assertions and unexplained references to other cases are insufficient to satisfy its burden to demonstrate, by a preponderance of the evidence, that the amount in controversy here exceeds $75,000 and that this court has subject matter jurisdiction over this matter.

Accordingly, Defendant is ordered to file a brief, not to exceed ten pages, within ten days of the date of this order, showing why this action should not be remanded for lack of subject matter jurisdiction.  Defendant shall also deliver a courtesy copy

///
///
///

3

to chambers, Room 244-J, Second Floor, 312 N. Spring Street, Los Angeles.  Failure to file a brief in accordance with this Order will be deemed consent to remand of this action.

IT IS SO ORDERED.

Dated: February 18, 2014

DEAN D. PREGERSON
United States District Judge